IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD D. KOHLMILLER and THERESA M. KOHLMILLER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 21-cv-865-SMY ) ) |
| CONSUMER LAW PROTECTION, LLC, RESORT TRANSFER GROUP, LLC, SQUARE ONE DEVELOPMENT GROUP, INC., PREMIER RESERVATION GROUP, LLC, DAN CHUDY, MAKENZIE DAVID WESTCOTT, MATT TITUS, AMY D. DEFATTE, GEORGE L. REED, LOUANN REED, CRESTLINE HOTELS & RESORTS, LLC, and EXCEL HOLDINGS 3 LLC, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**Yandle, District Judge:**

Plaintiffs Ronald and Theresa Kohlmiller filed the instant action in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois against the Defendants Consumer Law Protection, LLC, Resort Transfer Group, LLC, Square One Development Group, Inc., Premier Reservation Group, LLC, Dan Chudy, Makenzie David Westcott, Matt Titus, Amy D. DeFatte, George Reed, LouAnn Reed, Crestline Hotels & Resorts, LLC, and Excel Holdings 3 LLC. Plaintiffs assert violations of the Illinois Consumer Fraud Act and common law fraud claims. Defendants Titus and Westcott removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 1).

The case is now before the Court for consideration of Plaintiffs' Motion to Remand (Doc. 6). Plaintiffs argue that removal is deficient in numerous respects, including: (1) the failure of all Defendants to consent; (2) a lack of complete diversity; and (3) untimeliness of the removal. Defendants Titus and Westcott oppose the Motion (Doc. 12). For the following reasons, the Motion is **GRANTED** and this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing where such action is pending." A defendant has thirty (30) days after receipt of the Complaint to file a Notice of Removal. 28 U.S.C. § 1446(b)(1). Valid removal requires the consent of all defendants, unless they were not properly served at the time of removal. 28 U.S.C. § 1446(b)(2)(A). The failure of even one served defendant to timely consent to removal *in writing* renders a Notice of Removal procedurally defective and the case subject to remand. *Gossmeyer v. McDonald,* 128 F. 3d 481, 489 (7th Cir. 1997) (emphasis added).

Here, all Defendants except Titus and Westcott were served between May 25, 2021 and June 22, 2021. Service was waived for Defendants Titus and Westcott on June 29, 2021 and they filed the Notice of Removal on July 28, 2021. While the Notice of Removal states that "all defendants in this matter consent to this matter being removed to the federal court.", "[i]t is not enough for the removing defendants to say in their notice simply that all the other defendants do not object to removal." *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir. 1994), *overruled in part on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999). Rather, all defendants must join in the motion by supporting it *in writing. Id.* Significantly, although

Counsel for Titus and Westcott subsequently entered an appearance on behalf of all Defendants (except Crestline Hotels & Resorts, LLC and Excel Holdings 3 LLC), no amendment to the Notice or written consent on behalf of those Defendants has been filed. Defendants Crestline and Excel likewise have not joined or consented to the removal in writing. Thus, the Court finds that the Notice of Removal is procedurally defective and remand is warranted under 28 U.S.C. § 1447(c).

Accordingly, this case is **REMANDED** back to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. All pending motions are terminated as **MOOT** and the Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

**DATED:** August 31, 2021

*/s/ Staci M. Yandle*

**STACI M. YANDLE**
**United States District Judge**